**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-10058

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ARMANDO CAICEDO SINISTERRA, also known as ARMANDO CAECEDO
SINISTERRA,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:97-CR-250-2-D)

November 5, 1998

Before REYNALDO G. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM[*]:

Appellant Armando Caicedo Sinisterra pleaded guilty to a one-count indictment charging him and codefendant Jaime Gustavo Garces with attempting to possess with intent to distribute cocaine. Sinisterra's Presentence Report ("PSR") contained the following recommendations: Sinisterra's base offense level was 34, based on 30 kilograms of cocaine. U.S.S.G. 2D1.1(a)(3). Sinisterra was

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to a two-level reduction for acceptance of responsibility, placing his total offense level at 32.  U.S.S.G. 3E1.1.  Sinisterra had only one criminal history point for a 1997 DUI conviction, but because the instant offense was allegedly committed while Sinisterra was on probation, two more points were to be added, giving him a Category II criminal history score.   U.S.S.G. 4A1.1(d).  Sinisterra's total offense level and criminal history score resulted in a guideline sentencing range of 135 to 168 months.  The offense of conviction carried a minimum prison term of 10 years.  21 U.S.C. § 841(b)(1)(A).

In written objections, Sinisterra argued that he was entitled to a two-level reduction for having only a "minor role" in the offense under U.S.S.G. § 3B1.2.  With respect to the DUI conviction, Sinisterra argued that the two extra points should not be added because he was not in fact on probation at the time of the instant offense, and that he thus should have a Category I criminal history.  Sinisterra also sought a "safety valve" departure below the statutory minimum pursuant to U.S.S.G. § 5C1.2.

The district court overruled Sinisterra's request for a "minor role" reduction, leaving his offense level at 32.  The district court further determined that Sinisterra's Category II criminal history score overstated Sinisterra's criminal past, reduced his score to Category I, and determined that Sinisterra's objection to the additional two criminal history points was mooted.  This left Sinisterra's guideline sentencing range at 121-151 months.  Only because his guideline range remained above the statutory minimum

sentence, the district court overruled Sinisterra's request for a "safety valve" reduction. However, the district court agreed on the record that otherwise, Sinisterra satisfied the criteria for such a reduction. The district court also overruled Sinisterra's request for an additional one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court sentenced Sinisterra to 121 months in prison and to five years of supervised release. Sinisterra timely appeals his sentence.

Sinisterra first argues that the district court erred in denying his request for a "minor role" reduction. Sinisterra maintains that he was clearly less culpable than his codefendant, Garces, and at most that he acted only as a "mule" in the drug transaction. "If the defendant was a minor participant in any criminal activity," his offense level should be decreased by two levels. U.S.S.G. § 3B1.2(b). "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, Commentary, Application Note 3. The fact that codefendants were more culpable does not automatically qualify a defendant for a minor role reduction. *United States v. Atanda*, 60 F.3d 196, 198 n.1 (5th Cir. 1995). The defendant's level of participation must be sufficiently lower than that of other participants so "that he at best was peripheral to the advancement of the illicit activity." *United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir. 1995). The defendant bears the burden of proving that his role in the offense was "minor." *Atanda*, 60 F.3d at 198. A district court's finding

3

that a defendant is not entitled to a § 3B1.2 reduction is reviewed for clear error. *United States v. Flucas*, 99 F.3d 177, 181 (5th Cir. 1996).

Although Sinisterra's codefendant Garces appears to have arranged for the purchase of the 30 kilograms of cocaine, Sinisterra had a significant role in attempting to buy the cocaine. Sinisterra drove the van carrying $68,000 for the cocaine; he personally retrieved the money; he inspected several packages of the alleged cocaine; and he asked the undercover task force agent whether all 30 kilograms were present. Based on the foregoing, the district court did not clearly err in determining that Sinisterra played more than a "minor" role in attempting to buy this particular 30 kilograms of cocaine.

Next, Sinisterra contends that the district court erred when it determined that his objection to his criminal history score was moot. He argues that if the district court concluded that he had a Category I criminal history score, he would be entitled to the "safety valve" reduction of sentence. He urges this court to remand the case to the district court for specific findings on his challenge to the Probation Office's assertion that he committed the instant offense while on probation for a DUI offense. Sinisterra's argument fails because the district court ultimately determined that he had a Category I criminal history score, when it found that his Category II score as determined by the Probation Office over-represented his criminal past. Thus, we perceive no error by the district court in failing to make specific findings regarding

4

whether Sinisterra was on probation when he committed the instant offense.

Finally, Sinisterra challenges the district court's conclusion that he was not eligible for the "safety valve" reduction. Although he met the criteria provided in U.S.S.G. § 5C1.2, the district court found Sinisterra was not eligible for the "safety valve" reduction because his guideline sentence range (121-151 months) at base offense level 32 was not below the statutory minimum of ten years. Although this is correct, Sinisterra argues for the first time on appeal that he is nonetheless entitled to a two-level reduction in base offense level which would result in a sentencing range of 97-121 months under U.S.S.G. § 2D1.1(b)(6), thus placing his guideline range below the mandatory minimum sentence and entitling him to the "safety valve" reduction. The Government failed to respond to Sinisterra's argument regarding § 2D1.1(b)(6).

Because Sinisterra raises this argument for the first time on appeal, we will reverse only upon a finding of plain error. FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725 (1993); *United States v. Calverley*, 37 F.3d 160 (5th Cir. 1994)(en banc). Under the plain error standard: (1) there must be error; (2) the error must be clear or obvious; and (3) the error must affect substantial rights. *Calverley*, 37 F.3d at 162-64. Even if these factors are established, it is within our sound discretion whether to correct the forfeited error. *Olano*, 507 U.S. at 735. We will correct plain error when the error seriously affects the fairness,

integrity or public reputation of the judicial proceedings.  *Olano*, 507 U.S. at 736.

Section 2D1.1(b)(6) provides:  "If the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 . . . and the offense level determined above is level 26 or greater, decrease by 2 levels."  The district court determined that Sinisterra met the criteria of § 5C1.2 and Sinisterra's offense level was greater than 26.  Thus an error occurred in computing Sinisterra's base offense level.  Under § 2D1.1(b)(6) his base offense level should have been 30 with a corresponding sentencing range of 97-121 months.  This error was clear and obvious as it was evident from a plain reading of § 2D1.1(b)(6).  *See United States v. Aderholt*, 87 F.3d 740, 744 (5th Cir. 1996)(finding obvious error from reading the statute).

We next address whether the error affected substantial rights. We have noted that a misapplication of the Guidelines may constitute plain error.  *See United States v. Franks*, 46 F.3d 402, 403 (5th Cir. 1995)(concluding that a four-level error in offense level causing defendant to be sentenced to an additional 63 months imprisonment was plain error).  *See also Aderholt*, 87 F.3d at 744 (concluding that substantial rights were affected because absent an upward departure, defendant would have received a lesser sentence). Our recent decision in *United States v. Leonard*, ___ F.3d ___, 1998 WL 671374 (5th Cir. 1998), however, mandates the conclusion that Sinisterra's substantial rights were not affected.  The *Leonard* court was faced with a plain error determination involving the same

6

Guideline at issue in the case at bar.[2]  The *Leonard* court found that failure to decrease an offense level by two levels pursuant to § 2D1.1(b)(4) was an error which was clear and obvious.  Had the error not occurred, the resulting offense level would have been 30 instead of 31 (the district court had reduced the offense level by only one level) and the resulting guideline range would have been 97-121 months.  Because the district court sentenced Leonard to 108 months imprisonment and because upon remand the district court could reinstate the same sentence under the correct guideline range, the court upheld the sentence, citing *United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997).

We are faced with a similar situation here.  Sinisterra was sentenced to 121 months imprisonment.  Upon remand for resentencing, the correct guideline range would be 97-121 months.  Because the district court could impose the same sentence upon remand under the appropriate guideline range, we conclude that Sinisterra's substantial rights were not affected.  Accordingly, we affirm the sentence imposed by the district court.

AFFIRMED.

---

[2]At the time Leonard was sentenced, the provision regarding a two-level reduction if the criteria of § 5C1.2 were met and the offense level was 26 or greater was contained in § 2D1.1(b)(4). Under the version of the Guidelines in effect at the time Sinisterra was sentenced, that same provision is now contained in § 2D1.1(b)(6).